UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

*Electronically Filed*

CHRISTOPHER BELLMAN *et al.*,            )
On behalf of himself and all others       )
similarly situated,                      )
                                         )
                    Plaintiffs,          )
                                         )
v.                                       )      No. CV 09-5165 (LDW)(ETB)
                                         )      RULE 23 CLASS ACTION
ADECCO USA, INC., and ADECCO             )      FLSA COLLECTIVE ACTION
ENGINEERING AND TECHNICAL,               )
                                         )      Hon. J. WEXLER
                    Defendants.          )
                                         )
_____  )

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is hereby made for the

purpose of settling the above captioned case, *Christopher Bellman, et al v. Adecco USA, Inc., et*

*al.*, filed in the United States District Court for the Eastern District of New York, case number

CV 09-5165 (the ("Action").

## I.   BACKGROUND

A.      On November 24, 2009, Plaintiff Christopher Bellman, individually and on behalf

of others similarly situated (collectively "Plaintiffs") filed a lawsuit in the United States District

Court for the Eastern District of New York against Defendants Adecco USA, Inc. and Adecco

Engineering and Technical (collectively "Defendants" or "Adecco") alleging collective action

claims for violations of the Fair Labor Standards Act ("FLSA") and class action claims for

overtime in violation of the terms of employment agreements. Plaintiffs seek back pay for non-payment of overtime wages, interest, liquidated damages and attorneys' fees.

B.       The Complaint, filed by class representative Christopher Bellman ("Bellman"), alleges Plaintiffs (and others similarly situated) were field technicians hired by Adecco who were not properly compensated for overtime, and that they were not paid for hours over 40 in a week as required by contracts of employment that they signed with Adecco.

C.       To date, fourteen (14) individuals have opted-in to the lawsuit out of a total potential class number of forty-six (46).

D.       Adecco denies it has engaged in any unlawful activity, denies it has failed to comply with the law in any respect, and further denies any liability to anyone with regard to the asserted claims.

E.       On March 1, 2010, the Parties' signed a Tolling Agreement tolling the running of the statutes of limitations the similarly situated field technicians similarly situated to Christopher Bellman relating to the claims of Fair Labor Standards Act and/or breach of contract violations against the Defendants pending resolution of mediation and settlement negotiations.

F.       Following the filing of the Complaint, and prior to mediation, the parties engaged in extensive exchange of information and informal discovery. Counsel for Plaintiffs have conducted a thorough investigation into the facts, including conducting extensive review of relevant documents, information and data provided by Adecco, and have diligently investigated the Plaintiffs' claims against Adecco. Adecco's Counsel provided to Plaintiffs' Counsel extensive individual employment data, employment contracts, timekeeping materials and payroll data.

G.     On September 30, 2010, a full-day mediation session was held with Mediator Ruth Raisfeld and a tentative settlement term sheet was agreed upon by the Parties.

## II.     ADDITIONAL DEFINITIONS

The following terms shall have the meanings specified below:

"Authorized Claimant" means any member of the Opt-Out Class or the Opt-In Class who has timely and completely submitted a Proof of Claim and Consent to Join Form that has been reviewed and validated by the Claims Administrator or who has previously joined the Action.

"Claim" shall mean an individual's claim for unpaid overtime as alleged in the Action.

"Claimant" shall mean any individual who has already opted in to the Action or an individual who submits a Proof of Claim and Consent to Join Form to the Claims Administrator.

"Claims Administrator" means the law firm Gilbert Russell McWherter PLC, 101 North Highland Jackson, TN 38301 or its designee, which the Parties have agreed will be responsible for processing Proof of Claim Forms submitted by Claimants.

"Class Action" means the cause of action brought pursuant to the alleged violation of employment agreements between Plaintiffs and Adecco.

"Class Counsel" means Michael Russell and Clinton H. Scott of the law firm Gilbert Russell McWherter PLC, 101 North Highland Jackson, TN 38301.

"Class Counsel's Released Claims" means the claims released by Class Counsel in Section III.C.6., of this Agreement.

"Class Counsel's Attorneys' Fees and Costs" means the amount of attorneys' fees awarded to Class Counsel by the Court for prosecuting this Action and all those reasonable

expenses of litigation incurred by Plaintiffs and Class Counsel and approved for reimbursement by the Court.

"Class Notice" means the Notice of Collective Action and Class Action and Notice of Settlement and Final Approval Hearing attached as Exhibit A and as approved by the Court.

"Class Period" means July 1, 2007 through October 1, 2009.

"Class Release" means the full and final release of the Class Released Claims.

"Class Released Claims" means the claims released by the Settlement Class as defined in Section III.C. of this Agreement and the Proof of Claim and Consent to Join Form as Exhibits B.

"Collective Action" means the cause of action brought pursuant to the FLSA.

"Proof of Claim and Consent to Join Form" means the Proof of Claim and Consent to Join Form attached as Exhibit B and as approved by the Court.

"Court" means the United States District Court for the Eastern District of New York.

"Day" means calendar day, unless expressly stated otherwise.

"Defense Counsel" or "Adecco Counsel" means Zachary A. Hummel with the law firm of Bryan Cave LLP, 1290 Avenue of the Americas, New York, New York 10104.

"Enhancement Award" means any additional monetary payment provided to Bellman for his efforts on behalf of the Settlement Class in this Action.

"Final Settlement Date" means the date on which the Final Judgment approving this Agreement becomes final.

"Final Settlement Hearing" means the hearing to be conducted by the Court to determine whether to enter the Final Judgment.

"Hearing on Preliminary Approval" means the hearing held on the Parties' joint motion for preliminary approval of the Settlement.

"Net Settlement Amount" The Gross Settlement Amount less Class Counsel's Attorneys' Fees and Costs as approved by the Court.

"Opt-In Class" means all Technicians who have previously joined the Action or who properly and timely returned to the Claims Administrator a Proof of Claim and Consent to Join Form.

"Opt-Out Class" means all Technicians who have not properly and timely opted out of the Class Action.

"Objection/Exclusion Deadline Date" means the date sixty (60) days from the date the Claims Administrator mails the Class Notice. It is the date by which the Technicians must: (i) file and serve a written statement objecting to the Settlement and a written notice of intention to appear if they object to the Settlement, or (ii) mail a Request for Exclusion Form attached as Exhibit C.

"Parties" means Adecco and Plaintiffs.

"Plaintiffs' Release" means the full and final release of the Plaintiffs' Released Claims.

"Preliminary Approval Date" means the date of entry of the Court's order granting preliminary approval of the Settlement.

"Released Parties" means Adecco USA, Inc., Adecco Engineering and Technical, General Electric Company and GE Energy, and their present and former parent companies, predecessors, successors, all affiliates, subsidiaries, related entities, including joint ventures, and each of their respective present and former officers, directors, stockholders, agents, employees, insurers, co-insurers, reinsurers, attorneys, accountants, auditors, advisors, representatives, consultants, pension and welfare benefit plans, plan fiduciaries, administrators, trustees, general and limited partners, and assigns.

"Settlement" means the complete settlement and conclusion of this Action and all related claims affected by this Agreement.

"Settlement Class" means any and all members of the Opt-Out Class and any and all members of the Opt-In Class.

"Settlement Class Member" means any person who is a member of the Settlement Class or, if such person is incompetent or deceased, the person's legal guardian, executor, heir or successor in interest.

"Settlement Payments" means the amounts paid to individual Authorized Claimants.

"Technicians" means all former non-exempt employees of Adecco employed for the purpose of performing installation and repair of equipment for General Electric who were classified as field technicians at any time during the Class Period and as listed in Appendix A to this Agreement.

## III.   SETTLEMENT TERMS

The Parties enter into this Agreement and intend that the Settlement set forth herein achieve the following: (1) entry of an Order granting preliminary approval of the Settlement in the form set forth as Exhibit D; (2) entry of the Final Judgment; and (3) discharge of Released Parties from liability for any and all of the Plaintiffs' Released Claims and Class Released Claims.

### A.   The Settlement Class

The Parties stipulate and agree to the conditional certification of the putative Opt-In Class pursuant to 29 U.S.C. § 216(b) and the conditional certification of the putative Opt-Out Class pursuant to Fed. R. Civ. P. 23 for purposes of this Settlement only.  Should the Settlement not

become final for whatever reason, the fact that the Parties were willing to stipulate to class certification as part of the Settlement shall have no bearing on, or be admissible in connection with, the issue of whether a class or any subclass could be certified in a non-settlement context or be considered or admissible for any purpose.

####    B.    Settlement Consideration

1.    This Settlement requires Adecco to pay the Gross Settlement Amount which shall not exceed $780,000 for: (i) cash Settlement Payments to each Authorized Claimant; (ii) Class Counsel's Attorneys' Fees and Costs in an amount not to exceed $260,000 (i.e. 33.3% of $780,000) (iii) the Enhancement Award of up to $12,000 for Bellman.  In addition to the Gross Settlement Amount, Adecco shall pay a travel expense reimbursement to Bellman of up to $1000 for Bellman's trip to the mediation held in this matter and up to $5,000 in travel expenses for Class Counsel to attend hearings related to the approval of this Settlement.

2.    The funds available for the Settlement Payments shall be allocated as follows:  (i) the Net Settlement Amount shall be divided between the Opt-In Class and the Opt-Out Class on the basis that 75% of the Net Settlement Amount shall be available for satisfying the Opt-In Class Claims and the remaining 25% of the Net Settlement Amount shall be available for satisfying the Opt-Out Class Claims; (ii)  the amount paid to Authorized Claimants of the Opt-In Class shall be paid according to the number of weeks worked during the Class Period in proportion to the total weeks worked by all Technicians who submit a Proof of Claim and Consent to Join Form and are Authorized Claimants.  The amount paid to Authorized Claimants of the Opt-Out Class, those of the Class who do not submit a Request for Exclusion, shall be paid according to the number of weeks worked during the Class Period in proportion to the total weeks worked by all Technicians during the Class Period.

3.   It is further agreed that  Adecco shall be liable for the full amount of the Enhancement Award only if approved by the Court.  It is further agreed that Adecco shall have no obligation to pay any person, entity or organization the difference between the amount of its maximum total liability as set forth above and the total value of the Settlement Payments made, Class Counsel's Attorneys' Fees and Costs, and the Enhancement Award.

4.   As a condition of receiving a Settlement Payment for the Opt-In Class Claims, each Settlement Class member who has not previously joined this Action shall be required to execute a Class Release as included in the Proof of Claim and Consent to Join Form attached as Exhibit B.  All Settlement Class members who joined the Action prior to the date of this Settlement Agreement shall be bound by the signature of Mr. Bellman and Class Counsel who they have appointed to act for them in settlement of the Action.  All Settlement Payments shall be conditioned upon a Class Release on the payment check as well.

5.   Any portion of the 25% of the Net Settlement Amount available for satisfying the Opt-Out Class Claims that is not paid due to Requests for Exclusion or that was paid as a Settlement Payment and the check has not been cashed within 90 days of issuance shall revert to Adecco.

6.   The Settlement Payment amount paid to a Settlement Class member shall be allocated as 50% back wages and 50% penalties and interest.

**C.     Release of Claims**

1.   For and in consideration of the mutual promises contained herein, the Opt-In Settlement Class Members fully and finally release, as of the Final Settlement Date, the Released Parties from any and all wage and hour claims that were pleaded or could have been pleaded (whether known or unknown) under federal, state, or local wage and hour laws, including claims

for wages, overtime pay, civil penalties, interest, liquidated damages, punitive damages, and injunctive relief, including any claims for breach of an employment agreement arising out of their employment with Adecco during the Class Period. For and in consideration of the mutual promises contained herein, the Opt-Out Settlement Class Members fully and finally release, as of the Final Settlement Date, the Released Parties from any and all wage and hour claims that were pleaded or could have been pleaded (whether known or unknown) under federal, state, or local wage and hour laws, including claims for wages, overtime pay, civil penalties, interest, liquidated damages, punitive damages, and injunctive relief, including any claims for breach of an employment agreement arising out of their employment with Adecco during the Class Period.

2.     The Class Released Claims described in Part III.C.1., include, and each Settlement Class Member does and is hereby deemed to release, without limitation: (i) the causes of action alleged in the Action, including without limitation, claims for recovery of uncompensated overtime in violation of contract, and (ii) any and all wage and hour claims that were pleaded or could have been pleaded (whether known or unknown) under the federal, state, or local wage and hour laws, including claims for wages, overtime pay, civil penalties, interest, liquidated damages, punitive damages, or injunctive relief. Each Settlement Class Member further stipulates and agrees that the consideration they are receiving under this Agreement compensates them for all overtime compensation, unpaid hours over 40 as part of any employment agreement and all related claims.

3.     The Settlement Class, with respect to the Class Released Claims, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all of the Class Released Claims on the Final Settlement Date. This is true whether such claims are known or unknown.

4.     Christopher Bellman with respect to the Plaintiffs' Released Claims shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever settled and released any and all claims on the Final Settlement Date. This is true whether such claims are known or unknown, suspected or unsuspected, contingent or non-contingent whether or not concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

6.     Except for the obligations expressly provided for in this Agreement, Plaintiffs and Class Counsel fully and finally release, as of the Final Settlement Date, the Released Parties from any and all claims in favor of Class Counsel arising from the Action, including by way of example only, any and all claims for attorneys' fees, costs, consultant's fees, expert witness fees, interest, or any other expenses incurred by Plaintiffs or on behalf of the Settlement Class or Class Counsel in connection with or related in any manner to the Action, the Settlement of the Action or the administration of the Settlement.

**D.     Approval of Settlement**

1.     As soon as practicable, the Parties shall jointly execute and file this Agreement including all attached exhibits; and a Joint Motion for Preliminary Approval and supporting papers with the Court that requests that the Court enter a proposed Preliminary Approval Order in the form attached as Exhibit E establishing a procedure for final approval of the Settlement. Any dispute regarding forms of notices and other documents necessary to implement the Settlement contained in the Agreement, if not timely resolved between the Parties, shall be

referred to the Court. The Parties shall seek a prompt hearing date to obtain preliminary approval of the Settlement.

2.      If preliminary approval is granted, a Final Settlement Hearing to determine final approval of the Settlement shall be scheduled as soon as practicable, subject to the calendar of the Court. Upon final approval of the Settlement by the Court at or after the Final Settlement Hearing, the Parties shall seek and obtain from the Court a Final Judgment. The Final Judgment shall:

a.      find that the Court has personal jurisdiction over the Settlement Class and that the Court has subject matter jurisdiction to approve this Agreement and all exhibits thereto;

b.      approve this Agreement and the proposed Settlement as fair, reasonable and adequate, consistent and in compliance with all applicable requirements of the Federal Rules of Civil Procedure; the New York and United States Constitutions (including the due process clauses), the Local Rules of this Court, and any other applicable law, and in the best interests of each of the Parties and the Settlement Class; direct the Parties and their counsel to implement this Agreement according to its terms and provisions; and declare this Agreement to be binding on Plaintiffs and the Settlement Class as well as their heirs, executors and administrators, successors and assigns;

c.      finally certify the Opt-Out Class for settlement purposes only and find that an ascertainable class exists and a well-defined community of interest exists in the questions of law and fact involved because in the context of the Settlement: (i) there are questions of law and fact common to the Opt-Out Class which, as to the Agreement and all related matters predominate over any individual questions; (ii) the Claims of Plaintiffs are typical of the Claims of the Opt-Out Class; and (iii) in negotiating, entering into and implementing the Settlement,

Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Opt-Out Class;

      d.    find that the Class Notice and notice methodology implemented pursuant to this Agreement (i) constituted the best practicable notice; (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise the Opt-Out Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement and their right to appear at the Final Settlement Hearing; (iii) were reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) met all applicable requirements of the Federal Rules of Civil Procedure, the New York and United States Constitutions (including the due process clauses), the Local Rules of this Court and any other applicable law;

      e.    find that Plaintiffs and Class Counsel adequately represented the Opt-Out Class and the Opt-In Class for purposes of entering into and implementing the Settlement;

      f.    dismiss the Action (including all individual claims and Class Action and Collective Action claims presented) on the merits and with prejudice, without fees or costs to any of the Parties except as provided in this Agreement;

      g.    incorporate the Class Release set forth above in Part III.C. of this Agreement, and make the same effective as of the Final Settlement Date, and forever discharge the Released Parties from any claims or liabilities arising from or related to this Action;

      h.    permanently bar and enjoin Plaintiffs and all members of the Opt-Out Class and any person acting on their behalf from (i) filing, commencing, prosecuting, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, in any state or federal court, arbitration, or administrative, regulatory or

other proceeding or order in any jurisdiction based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action; and (ii) organizing such members of the Opt-Out Class into a separate class for purposes of pursuing as a purported class action (including by seeking to amend a pending complaint to include class allegations, or by seeking class certification in a pending action) any lawsuit based on or relating to the claims and causes of action, or the facts and circumstances relating thereto, in this Action;

        i.      authorize the Parties, without further approval from the Court, to agree to and to adopt such amendments, modifications and expansions of this Agreement and all exhibits attached hereto as (i) are consistent with the Final Judgment, and (ii) do not limit the rights of the Settlement Class under the Agreement;

        j.      without affecting the finality of the Final Judgment the Court shall retain continuing jurisdiction over the Action, the Parties, the Opt-Out Class, and the Opt-In Class and the administration and enforcement of the Settlement. Any disputes or controversies arising with respect to the interpretation, consummation, enforcement, or implementation of the Settlement shall be presented by motion to the Court; provided however, that nothing in this Part shall restrict the ability of the Parties to exercise their rights under Part D.2.i. above.

        3.      After entry of the Final Judgment, the Court shall have continuing jurisdiction over the Action solely for purposes of: (i) entering an order acknowledging satisfaction of the Final Judgment; (ii) enforcing this Agreement; (iii) addressing settlement administration matters; and, (iv) addressing such post-Final Judgment matters as may be appropriate under Court rules or applicable law.

        4.      Should the Court decline to approve this Agreement or fail to enter the Final Judgment, this Agreement shall be voidable by Adecco or Plaintiffs by written notice to the

attorneys of record for the other party, served in a manner authorized by the Federal Rules of Civil Procedure, no later than fifteen (15) days after entry of any such order or after service of an applicable notice of ruling, whichever occurs later, or if no such order is entered or notice of ruling served, within 90 days after the Final Settlement Hearing.  If either party voids this Agreement pursuant to this Part III.D.4., Adecco shall have no obligations to make any payments under this Agreement.  This right to void the Agreement does not apply to the Court's award of Plaintiffs' Attorneys' Fees and Costs or Enhancement Awards, provided any such awards do not exceed the amounts set forth in this Part III.

**E.   Notice**

1.   The Class Notice shall be provided to the Technicians using the procedures in this Part III.E.

2.   Within five (5) business days after the Preliminary Approval Date, Adecco shall provide the Claims Administrator (Class Counsel) with the names, most current mailing addresses, and total workweeks  worked during the Class Period, as applicable, for the Technicians from Adecco's records.  This information shall remain confidential and shall not be disclosed to anyone, except applicable taxing authorities and within the Claims Administrator to carry out the reasonable efforts described in this Part III.E., or pursuant to express written authorization by Adecco or by order of the Court.

3.   Within ten (10) business days of receipt of the mailing address information, the Claims Administrator shall mail the appropriate notice to all identified Technicians by first-class, regular U.S. Mail.  For those Technicians who have not already joined the Action,  attached to the Class Notice will be a Proof of Claim and Consent to Join Form and a  Request for Exclusion Form.  For those Technicians who have already joined the Action, attached to the Class Notice

will be a Request for Exclusion Form. The Claims Administrator shall send copies of these notices to Defense Counsel. Upon completion of these steps by the Claims Administrator, the Parties shall be deemed to have satisfied their obligation to provide notice to the putative classes regarding the Class Action and the Collective Action.

### F.    Objection and Exclusion Procedures

1.    The Class Notice shall provide that those Technicians who wish to object to the Settlement must send to the Claims Administrator a written statement objecting to the Settlement and a written notice of intention to appear at the Final Settlement Hearing and object. Such written statement and notice must be sent to the Claims Administrator by the Objection/Exclusion Deadline Date. The Claims Administrator will conventionally file (not e-file) with the Court, and serve upon Defense Counsel, copies of all objections and Notices of Intention to Appear at the Fairness Hearing (with the envelope in which such objections and Notices were delivered) received by the Claims Administrator. The original of all objections shall be retained by the Claims Administrator unless and until such originals are delivered to the Court at its request. Those Technicians who fail to send timely written objections and notice of intention to appear and object in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

2.    The Class Notice shall also provide that Technicians who wish to exclude themselves from the Opt-Out Class must submit to the Claims Administrator the Request for Exclusion Form which contains places for the individual requesting exclusion to insert his or her name, address and telephone number. The Request for Exclusion Form must be completed, signed and sent by certified mail with return receipt requested to the Claims Administrator and

must be postmarked on or before the Objection/Exclusion Deadline Date. The Claims Administrator will accept a Request for Exclusion Form that is not sent by certified mail only if it is postmarked on or before the Objection/Exclusion Deadline Date and actually received within 10 days of that date. Any Request for Exclusion Form postmarked after the Objection/Exclusion Deadline Date or received more than 10 days thereafter shall be of no force and effect under any circumstance. Technicians who fail to file and serve a valid and timely Request for Exclusion on or before the Objection/Exclusion Deadline Date shall be deemed a member of the Opt-Out Class and bound by all terms of the Settlement and any Final Judgment entered in the Action if the Settlement is approved by the Court, regardless of whether they have objected to the Settlement. Any Technician who timely submits a Request for Exclusion Form will not receive a Settlement Payment. If any Technician timely submits both a Proof of Claim Form and a Request for Exclusion Form, the Request for Exclusion Form will be invalid, and the Technician will be included in the Opt-Out Class and will be bound by the terms of the Settlement.

3.      Defense Counsel shall receive a copy of all valid and timely Request for Exclusion Forms from the Claims Administrator within seven (7) days of the Claims Administrator's receipt. No later than thirty (30) days before the Final Settlement Hearing, the Claims Administrator shall provide Defense Counsel with a complete and accurate list of all individuals who have properly requested exclusion from the Class Action.

4.      The Parties agree that neither they nor their counsel will solicit or otherwise encourage directly or indirectly any individual to request exclusion from the Class Action, object to the Settlement, or appeal from the Court's Final Judgment.

G.      **Claims Administration and Payment of Claims**

1.      The Class Notice sent to Technicians who have not already joined the Action shall be accompanied by a separate Proof of Claim and Consent to Join Form.  Technicians who have already joined the Action will receive the Class Notice.  The Proof of Claim and Consent to Join Form shall direct that each Claimant must return the completed form within sixty (60) days from the date of the mailing of the Class Notice, as the case may be.  As a condition to receiving any Settlement Payment, each Claimant must submit a timely Proof of Claim and Consent to Join Form, as applicable.

2.      The Claimant must complete, sign under penalty of perjury and mail the Consent to Join and Proof of Claim by regular mail to the Claims Administrator, postmarked no later than sixty (60) days from the date of the mailing of the Class Notice.  If a timely but defective or incomplete Proof of Claim and Consent to Join Form is received by the Claims Administrator within the required time, the Claims Administrator shall, as promptly as reasonably possible, but no later than fourteen (14) days after such receipt, notify the Claimant in writing of the defects in the Proof of Claim and Consent to Join Form, and give the Claimant an additional twenty  (20) days after such written notification to cure any defect.  If the Claimant fails to rectify the deficiencies noted by the Claims Administrator, the Claimant may, in the case of written proof of hardship as determined in good faith, in writing, by the Claims Administrator, be awarded an additional fifteen (15) days to perform all necessary acts.

3.      No Proof of Claim and Consent to Join Form will be honored if postmarked more than sixty (60) days after the date the Class Notice was mailed to the Technicians, unless a Claimant makes a written showing of either excusable neglect or hardship satisfactory to the Claims Administrator.  Proof of Claim and Consent to Join Forms received by the Claims Administrator more than ninety (90) days after the date the Class Notice, was mailed will have

no force and effect regardless of any showing of excusable neglect or hardship or whether the Proof of Claim and Consent to Join Form bears a timely postmark.

      4.      In consideration for the Settlement, Plaintiff's Release and Class Release, Adecco shall pay, or cause to be paid, to each Authorized Claimant as reflected in or calculated based on Adecco' payroll records, cash compensation based on the number of workweeks actually worked in proportion to the total workweeks worked as noted in Part III.B.2.

      5.      For purposes of the number of workweeks worked, the Parties agree that Adecco's payroll records are the presumptive determining factor. If a Claimant disputes the total workweeks, he/she must submit to the Claims Administrator with the Proof of Claim and Consent to Join Form, information or documentation which supports his/her position. Information or documents presented after the Proof of Claim and Consent to Join Form is postmarked and mailed will not be considered, unless otherwise agreed to by the Parties. In the event of a dispute between Adecco and a Claimant regarding the number of weeks worked, Class Counsel and Defense Counsel shall meet and confer about the matter. The Parties agree that in order for a challenge to the presumptive amount reflected in Adecco' payroll records to be sustained, the Claimant must present to the Claims Administrator evidence of the inaccuracy of the payroll records in the form of a contemporaneous Adecco or GE business record, some other written record made by an authorized Adecco of GE representative concerning the hours worked or a similar document. The Parties further agree that any information presented to the Claims Administrator by a Claimant to support such a challenge, whether orally or in writing, based upon the Claimant's or someone else's own or personal recollection, without substantiating Adecco or GE business records shall not be sufficient to overcome the presumption.

      6.      Settlement Payments will be made only to Authorized Claimants.

7. Adecco's monetary obligation under this Agreement shall be in an amount up to $780,000.00. Adecco may not be called upon or required to contribute additional monies under any circumstances whatsoever. All costs and expenses arising out of or in connection with the performance of this Agreement shall be paid from the total consideration unless expressly provided otherwise herein. In the event this Agreement is canceled, rescinded, terminated, voided or nullified, however that may occur, or the settlement of the Action is barred by operation of law, or invalidated, or ordered not to be carried out by a court of competent jurisdiction, Adecco will cease to have any obligation to pay any portion of the total monetary obligation to anyone under the terms of this Agreement and all previous disbursements will immediately revert back to Adecco.

8. The Claims Administrator shall consult with Defense Counsel on the basis for any denial of a claim and reach consensus among the Parties on the approval or denial of a claim. Any disagreement over the approval and denial of Claims shall be referred to the Court for decision.

9. Fifty percent of (50%) all Settlement Payments paid to satisfy Claims shall be considered wages and subject to the withholding of all applicable local, state, and federal income and employment taxes. The Parties, however, agree that no taxes will be withheld or paid by Adecco with respect to the payments of the Enhancement Award or Class Counsel's Attorneys' Fees and Costs. Any taxes due thereon shall be the responsibility of Plaintiffs and Class Counsel. Adecco agrees to pay the employer's share of payroll taxes on the 50% portion of the Settlement Payments attributed to wages. The Parties acknowledge and agree that proper information reporting will be made to the appropriate taxing authorities regarding all payments made pursuant to this Agreement.

10.     Adecco will not use the Settlement Payments to calculate any additional benefits including, by example but not limitation, vacation, holiday pay or other benefit.  The Settlement Payments do not represent any modification of previously-credited hours of service or other eligibility criteria under any employee pension or employee welfare benefit plan sponsored by Adecco, nor are the Settlement Payments "compensation" for purposes of determining eligibility for, or benefit accrual within, an employee pension benefit plan or employee welfare benefit or other plan sponsored by Adecco or its predecessors, subsidiaries or successors.

11.     The Settlement Payments shall be made to each Authorized Claimant within thirty (30) business days after the Final Settlement Date.

### H.     Class Counsel's Attorneys' Fees and Costs

1.     Adecco agrees that Class Counsel are entitled to an award of reasonable attorneys' fees and costs.  The Parties agree that any and all claims for reasonable attorneys' fees and costs have been settled in this Agreement.  Class Counsel's Attorneys' Fees and Costs are to compensate Class Counsel for all work already performed in this Action, and all remaining work to be performed in documenting the Settlement, securing Court approval of the Settlement, making sure the Settlement is fairly administered and implemented, and obtaining the Final Judgment.

2.     The parties will comply with the Court's requirements regarding Plaintiffs' request for payment of reasonable attorneys' fees and costs.  Adecco will not oppose Class Counsel's request for reasonable attorneys' fees and costs award in an amount up to $260,000. Neither Plaintiffs nor the Settlement Class shall be entitled to seek payment of attorneys' fees or reimbursement of costs or expenses from Adecco except as set forth herein.

3.    All of the costs, fees and expenses to be incurred in giving notice to the Technicians, whether by mail, publication or otherwise, shall be paid from the Settlement Amount. The expenses of cutting the checks and mailing for the disbursement of the Settlement Payments shall be borne by Adecco and are not included as part of the award of Class Counsel's Attorneys' Fees and Costs or part of the Gross Settlement Amount set forth in Part III.G.7.

### I.    Class Representative Enhancement

The Parties shall make a joint request that Plaintiff Christopher Bellman be paid an Enhancement Award in the amount of $12,000 .

### J.    Government Actions Affecting Settlement

If any administrative proceeding or action is commenced on or before a date that is two years from the Preliminary Approval Date by any federal, state or local government authority, including without limitation the United States Department of Labor, the New York Department of Labor and/or any other state Department of Labor, in a *parens patriae* or other function asserting claims within the scope of this Action, Plaintiffs and Class Counsel will sign an appropriate declaration at the request of Adecco supporting the settlement and asserting that the governmental action is within the scope of this Agreement, the Action and the Final Judgment. Additionally, in the event any action is commenced by a governmental authority as stated in this Part, Adecco shall have the option, in its sole discretion, to immediately suspend payments to the Settlement Class pending the outcome of the suit or administrative proceeding brought by the governmental authority.

### K.    Additional Terms

1.    Adecco denies it has engaged in any unlawful activity, has failed to comply with the law in any respect, has any liability to anyone under the causes of action asserted in this

Action. The Parties expressly acknowledge that this Agreement is entered into for the purpose of compromise of highly disputed claims and that nothing herein is an admission of liability, wrongdoing or certification of a class by Adecco. Neither this Agreement nor any document prepared in connection with the Settlement may be admitted in any proceeding as an admission by Adecco, Plaintiffs, or any person within the definition of the Settlement Class. However, this paragraph and all other provisions of this Agreement notwithstanding, any and all provisions of this Agreement may only be admitted in evidence and otherwise used in any and all proceedings to enforce any or all terms of this Agreement, or in defense of any claims released or barred by this Agreement.

2.      Other than through court filings authorized herein, Plaintiffs and Class Counsel shall not make any public statement or release concerning the Settlement, including without limitation, discussing the Settlement or the Action with any representative of any print, radio or electronic media that uses the name Adecco or General Electric, or any subsidiary thereof, or information that would identify them as parties in the lawsuit or the Settlement. Class Counsel shall be allowed to refer to a settlement with a national staffing agency in any seminar or promotional material. Class Counsel may encourage Class Members to opt in to the Settlement through specific communications directed to Class Members and may use the name of Adecco in those individual communications. Adecco may make such disclosures of the Settlement as required under applicable securities laws.

3.      Unless otherwise specifically provided herein, all notices, demands or other communications given hereunder shall be in writing and shall be deemed to have been duly given as of the third business day after mailing by United States Mail, or on the day of e-mailing if transmitted by e-mail to Class Counsel for the Plaintiffs and to Defense Counsel for Adecco.

4.     Bellman, individually and as class representative, the Settlement Class, Adecco, Class Counsel, and Defense Counsel, hereby waive any and all rights to appeal, this waiver being contingent upon the Court entering the Final Judgment.  This waiver includes waiver of all rights to any post-judgment proceeding and appellate proceeding, including but not limited to motions to vacate judgment, motions for new trial, and extraordinary writs.  To the extent an appeal or writ is filed to challenge the Final Judgment or for any other reason, Adecco' obligation to make any payment under this Agreement shall be suspended while any appeal or post-judgment proceeding is pending.  The waiver does not include any waiver of the right to oppose any appeal, appellate proceedings or post-judgment proceedings, if any.

5.     After this Agreement is fully executed by all Parties, Class Counsel and Defense Counsel, this Agreement and its attached Exhibits shall constitute the entire agreement relating to settlement of this Action and the causes of action and defenses asserted therein, and it shall then be deemed that no oral representations, warranties or inducements have been made to any party concerning this Agreement or its Exhibits other than the representations, warranties and covenants expressly stated in this Agreement and its Appendix and Exhibits.

6.     After this Agreement is fully executed by all Parties, Class Counsel and Defense Counsel, all litigation in the Action shall be stayed, and no additional court filings shall be made by the Parties except as specifically provided for herein and as are necessary to enforce the terms of this Agreement.

7.     Class Counsel unconditionally warrants and represents that they are authorized by Plaintiffs for whom they are attorneys of record, and Defense Counsel warrants and represents that they are authorized by Adecco, to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effect its terms, and to execute any other

documents required to effect the terms of this Agreement.  The Parties, Class Counsel and Defense Counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.

8.      This Agreement, and any and all parts of it, may be amended, modified, changed or waived only by an express written instrument signed by all Parties or their successors-in-interest.

9.      This Agreement shall be binding upon, and inure to the benefit of, the successors of each of the Parties.

10.     All terms of this Agreement and its Exhibits shall be governed by and interpreted according to the laws of the State of New York, without giving effect to any conflict of law principles or choice of law principles.

11.     The Parties have cooperated in the drafting and preparation of this Agreement. This Agreement shall not be construed against any party on the basis that the party was the drafter or participated in the drafting.

12.     This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument provided that Class Counsel and Defense Counsel shall exchange among themselves original signed counterparts.  Facsimile signatures will be accepted if the original signature is provided within seven (7) days.  Any executed counterpart shall be admissible in evidence to prove the existence and contents of this Agreement.

13.     Plaintiffs and Adecco believe this is a fair, reasonable and adequate Settlement and have arrived at this Settlement through arms-length negotiations, taking into account all relevant factors, present and potential.

14. The descriptive headings of any paragraph or sections of this Agreement are inserted for convenience or reference only and do not constitute a part of this Agreement.

15. Class Counsel shall destroy all documents provided by Adecco for purposes of mediation or in connection with this Action within one (1) year following the Court's entry of Final Judgment. Class Counsel will confirm the destruction of all documents to Defense Counsel in writing.

Dated: 2/11/2011

_____
Christopher Bellman

Dated:_____

By:_____

Plaintiffs' and Class Counsel

Dated: 3/3/2011

Adecco, Inc.

By: Stephen Nolan
Name: NOLAN
Title: CFO

Dated: 3/4/2011

Bryan Cave LLP

By:_____
Zachary A. Hummel
Counsel for Adecco

14.     The descriptive headings of any paragraph or sections of this Agreement are inserted for convenience or reference only and do not constitute a part of this Agreement.

15.     Class Counsel shall destroy all documents provided by Adecco for purposes of mediation or in connection with this Action within one (1) year following the Court's entry of Final Judgment.  Class Counsel will confirm the destruction of all documents to Defense Counsel in writing.

Dated: ___2 / 11 / 2011___

_____
Christopher Bellman

Dated: ___3/2/11___

By: _____

Plaintiffs' and Class Counsel

Dated:_____

Adecco, Inc.

By:_____
Name:_____
Title:_____

Dated:_____

Bryan Cave LLP

By:_____
          Zachary A. Hummel
          Counsel for Adecco

1602648                                          25

APPENDIX A

1. Banks, David C.
2. Becker, Jon
3. Bellman, Christopher
4. Bethurum, Richard S.
5. Brooks, Dean E.
6. Bruckner, Charles
7. Cantorna, Jay
8. Carcamo, Nelson J.
9. Chapman, Michael
10. Cochran, Dwain L.
11. Cochran, Gary G.
12. Corral, Marcos
13. Cunningham, Brendan
14. Genes, Nicholas R.
15. Giotto, Joseph M.
16. Girrens, Nathaniel
17. Grazzini, Steven M.
18. Guzzo, James
19. Harris, Nathan C.
20. Hosein, Haffiz D.
21. Johnson, Michael C.
22. Johnson, Steven
23. Keating, William
24. King, Jeffrey
25. Kovacs, Charles
26. Lucas, Josh
27. Melling, Matthew D.
28. Mount, Richard L.
29. Pearce, Robert M.
30. Rapier, Adam J.
31. Richards, Patrick
32. Rivera, Carlos
33. Roberts, Kenneth W.
34. Saenz, Jorge L.
35. Scarpa, Anthony C.
36. Serrato, Miguel
37. Stepansky, Brian J.
38. Toews, Derek P.
39. Wrenn, John D.
40. Arnoldi, Todd
41. Diaz, Christopher
42. Morgan, Andrew
43. Scarlett, Jamarr

44. Shehu, Skip
45. Skowronski, Jeff
46. Sondgeroth, Eric J.